IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BULLSEYEBORE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LANDBASE TRADING CO. LTD, et al.<br><br>Defendants. | CIVIL ACTION NO. 1:24-cv-00246-RDB |

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants vofatiponal.com; fundamentak.com; dawnaza.com; creampumpkin.com; begoniaclothing.com; beast-fox.com; certainow.com; gorgeous.com; butterfly-flowerss.com; amp-spring.com; autumn-beckin.com; purist-fish.com; olarglscal.com; recreation.com; oncondtitat.com; rise-planet.com; rotayaltyte.com; densitytg.com; and slightliy.com (collectively "Defendants"), by and through their attorneys Jacob Chen and DGW Kramer LLP, respectfully submit this memorandum of law in support of Defendants' motion to dismiss.

I. **DEFENDANTS HAVE NO SALES OF ALLEGEDLY INFRINGING PRODUCTS IN MARYLAND**

"To withstand the motion, plaintiffs must make at least a prima facie case of personal jurisdiction, which requires proof of jurisdiction by a preponderance of the evidence." *United Cutlery Corp. v. NFZ, Inc.*, No. CCB-03-1723, 2003 U.S. Dist. LEXIS 21664, at *4 (D. Md. Dec. 1, 2003). A defendant is subject to specific jurisdiction when it has "purposely availed itself of the privilege of conducting activities in the State." *Id* at 7. A defendant has "purposely availed himself

of the privilege of conducting business in the forum state only if the defendant has created a substantial connection to the forum." *Id*.

Plaintiff does not allege in the Second Amended Complaint that there have been *any sales* by Defendants in the State of Maryland. Plaintiff only alleges that the Defendants "intend to garner sales from US residents, including Maryland residents" and that Defendants "offer shipping to the United States, including into Maryland." (Doc. 21, ¶54). Plaintiff does not allege the existence of a regular course of sales to Maryland, or any special *state-related* design, advertising, advice, or marketing by any of the Defendants. Therefore the Complaint *on its face* has failed to allege the existence of personal jurisdiction.

As stated in the supporting declarations of Defendants in support, the vast majority of Defendants in this case have had *zero* sales in Maryland. Therefore this Court has no basis for asserting personal jurisdiction over said defendants. *See e.g. B.V. v. Wilson Tool Int'l, Inc.*, No. WDQ-06-2861, 2007 U.S. Dist. LEXIS 106767, at *10 (D. Md. Apr. 2, 2007)

The only Defendants that has had *any* sales in Maryland are amp-spring.com and gorgeous.com, through Larryhot Trading Co., Limited. These domain names has sold all of *two* (2) allegedly infringing product in Maryland for USD $42.51 and $41.21 on January 5, 2024 and January 8, 2024 respectively. Two isolated sales to Maryland are insufficient to establish purposeful availment of the Maryland market. "To establish minimum contacts sufficient to justify the exercise of personal jurisdiction over [defendant], Plaintiffs must demonstrate either a 'regular course of sales' in the forum state, or establish the existence of other facts, such as 'special state-related design, advertising, advice, marketing, or anything else,' that would indicate a 'specific effort' by the defendant to sell in the forum state." *Williams v. Romarm, S.A.*, Civil Action

No. TDC-14-3124, 2017 U.S. Dist. LEXIS 2919, at *3 (D. Md. Jan. 9, 2017); *see also De Simone v. VSL Pharm., Inc.*, Civil Action No. TDC-15-1356, 2017 U.S. Dist. LEXIS 22589, at *15 (D. Md. Feb. 16, 2017); *Metro. Reg'l Info. Sys. v. Am. Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 700 (D. Md. 2012).

In *Boughter v. Bay Shore Dev. Corp.*, No. WMN-08-CV-0424, 2008 U.S. Dist. LEXIS 129201, at *8 (D. Md. Oct. 29, 2008), for instance this Court held that there was no personal jurisdiction over the defendant admits to having made "some sales in Maryland" but such sales, which were "below $10,000" were not "the result of any [defendant] representative reaching into Maryland for the purposes of soliciting business from prospective customers." Here, there have been only *2* sales transactions in Maryland, *for less than $85 dollars*.

## CONCLUSION

Wherefore for these reasons, Defendants respectfully ask that the Court to dismiss the action against them pursuant to Fed. R. Civ. P. 12(b)(2) accordingly.

Respectfully Submitted,

Dated: March 15, 2024

\_\_\_/s/ *Anthony H. Son*_____
Jacob Chen, Esq.
DGW Kramer LLP
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
Tel:   (917) 983-2806
Fax:   (917) 633-6183
jchen@dgwllp.com

Anthony Son
Bar No. 16335
Son IP Group
1629 K St. NW Suite 300
Washington, DC 20006

3

Tel: (202) 507-0125
ason@sonipgroup.com

Attorneys for Defendants
*vofatiponal.com; fundamentak.com; dawnaza.com; creampumpkin.com; begoniaclothing.com; beast-fox.com; certainow.com; gorgeous.com; butterfly-flowerss.com; amp-spring.com; autumn-beckin.com; purist-fish.com; olarglscal.com; recreation.com; oncondtitat.com; rise-planet.com; rotayaltyte.com; densitytg.com; and slightliy.com*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 15, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's electronic case filing system.  Any other counsel of record will be served by first class mail.

          /s/   *Anthony H. Son*
          Anthony H. Son