UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

-------------------------------------------------------------------------X
BULLSEYEBORE, INC.

                      Plaintiff,

   -against-                                    Civil Action No.: 1:24-cv-00246-RDB

LANDBASE TRADING CO. LTD, et. al.

                      Defendants.
-------------------------------------------------------------------------X

**DECLARATION OF ANTHONY H. SON IN SUPPORT OF
MOTION BY DEFENDANTS TO SET ASIDE DEFAULT**

I, ANTHONY H. SON, do hereby declare:

    1.    I am over the age of 18 and competent to testify in this matter.

    1.    I am an attorney at law duly licensed to practice law before the United States District Court for the District of Maryland. I am *Of Counsel* to DGW Kramer LLP, the attorneys of record for Defendants Adah Technology Co., Ltd., Awin E-commerce Ltd., Dongguan Hengjia E-Commerce Co., Ltd., Elay E-commerce Co., Ltd., Larryhot Trading Co., Ltd., Nanchang Huimeng Network Technology Co., Ltd., Shenzhen Jiuan Yunchen Network Technology Co., Ltd., Shenzhen Maoluhui Network Technology Co., Ltd., Shenzhen Zhongtou Guorong Trading Co., Ltd., Suzhou Chenghe Network Technology Co., Ltd., Suzhou Ruoxing Network Technology Co., Ltd., Topli Trading Co., Ltd., Wotai Network Technology Co., Ltd (collectively "Defendants") in this matter. I make this declaration in support of Defendants Motion to Set Aside Entry of Default. I make this Declaration on personal knowledge of the facts set forth unless otherwise stated and, if called as a witness could and would testify competently to such matters. The matters stated are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

    2.    On June 11, 2024, I called Andrew Aitken, counsel for Plaintiff, and left him a voicemail requesting an extension of Defendants' deadline to respond to the Third Amended

Complaint. Within a few minutes after leaving the voicemail message for Mr. Aitken, I sent him an email following up on my voicemail and specifically requesting a 14 day extension of time to respond to the Third Amended Complaint. A true and correct copy of my email to Mr. Aitken dated June 11, 2024 is attached hereto as Exhibit A.

3. On June 12, 2024, I received an email from Mr. Aitken indicating that he was out of the country until Monday June 17, 2024, however, consenting to an extension of time for Defendants to respond to the Complaint until Friday June 21, 2024. In addition, Mr. Aitken indicated that if additional time was necessary beyond Friday June 21, 2024, to contact after his return and he "expect to [be] able to work something out." A true and correct copy of Mr. Aitken's June 12, 2024 email to me is attached hereto as Exhibit B.

4. At 2:54 p.m. June 12, 2024, I responded to Mr. Aitken's email thanking him for his response and attaching a draft stipulation and proposed order for the extension of time and requesting his authorization to file. I indicated in my email that Defendants would like to get the stipulation and proposed order on file as soon as possible. A true and correct copy of my June 12, 2024 2:54 p.m. email to Mr. Aitken is attached hereto as Exhibit C.

5. About an hour later, I received an ECF notification for Docket Nos. 62-74 notifying me of the Clerk's Entry of Default for the defendants.

6. Within minutes of the ECF notification, at 4:07 p.m. June 12, 2024, I emailed Mr. Aitken indicating that we had just received the ECF notification of the Clerk's entry of default and inquiring whether Plaintiff would stipulate to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c), especially in light of the fact that Plaintiff had agreed to an extension to respond to the Third Amended Complaint. A true and correct copy of my June 12, 2024 4:07 p.m. email to Mr. Aitken is attached hereto as Exhibit D.

7. I did not get a response to my June 12, 2024 4:07 p.m. email. Knowing that Mr. Aitken was out of the country and not returning until Monday June 17, 2024, I waited to contact Mr. Aitken until he had returned as previously indicated. Accordingly, on June 18, 2024, I called Mr. Aitken and left him a voicemail following upon my June 12, 2024 email regarding Defendants' request for Plaintiff to stipulate to set aside entry of default. Furthermore, within a few minutes after leaving the voicemail message for Mr. Aitken, I sent him an email following up on my

voicemail.   A true and correct copy of my email to Mr. Aitken dated June 18, 2024 is attached hereto as Exhibit E.

8.     Later that afternoon on June 18, 2024, I received a call from Mr. Aitken in response to my voicemail and email.   During that telephone conference I reiterated Defendants' request for Plaintiff to stipulate to set aside the entry of default.   Mr. Aitken responded that he would need to confer with his client and get back to me but did not take a position whether Plaintiff would stipulate to set aside the entry of default, not oppose a motion to set aside the entry of default, or oppose a motion to set aside the entry of default.   To date, I have not received a response from Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 21, 2024 at Washington, D.C.

    /s/ Anthony H. Son

Anthony H. Son

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 21, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's electronic case filing system. Any other counsel of record will be served by first class mail.

    /s/ Anthony H. Son
Anthony H. Son